UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CUNNINGHAM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendant. | Case No.: 3:15-cv-00124-L-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [Doc. 38]** |

Pending before the Court is Defendant Ford Motor Company's ("Defendant") Motion to Dismiss portions of Michael Cunningham and Eliborio Valenzuela's Second Amended Complaint. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.

//

//

//

//

//

//

//

1

## I.    BACKGROUND

This putative class action is a consumer case against Defendant Ford Motor Company ("Defendant").  It arises out of Defendant's manufacture of the 2011 through 2015 Ford Explorer vehicles.  (SAC [Doc. 35] ¶ 1.)  Plaintiffs allege these vehicles have a defect that results in exhaust fumes including carbon monoxide leaking into the passenger cabin, thus rendering them unsafe to drive.  (Id. ¶ 1, 2.)

Plaintiff Michael Cunningham ("Cunningham") purchased a 2013 Ford Explorer sometime around August of 2012.  (SAC ¶ 22.)  Subsequently he discovered that the "carbon monoxide levels within his Ford vehicle are higher than the ambient carbon monoxide levels outside his vehicle while the vehicle is operated in a normal and customary manner."  (Id. ¶ 24.)  Accordingly, he filed an amended class action complaint against Defendant.  Of relevance to the present motion, the First Amended Complaint alleged (1) breach of express warranty; (2) violation of California Business and Professions Code Section 17200 (the "UCL"); (3) violation of California Business and Professions Code Section 17500 (the "FAL"); and (4) violation of California Civil Code § 1750 *et seq.* (the "CLRA").  (See FAC [Doc. 1].)  Subsequently, the Court dismissed Cunningham's breach of express warranty claim after he conceded he did not take his vehicle to the dealership for repair of the defect within the warranty period.  (See December 7, 2015 Order [Doc. 34].)  The Court also dismissed the UCL, CLRA, and FAL claims to the extent they were based on affirmative representations because they fell short of the particularity in pleading required by Fed. R. Civ. P. 9(b).  (Id.)  However, the Court granted Plaintiff leave to file a Second Amended Complaint adding Eliborio Valenzuela ("Valenzuela") as a named plaintiff.  (Id.)  Thus, on December 21, 2015 Plaintiffs filed a Second Amended Complaint alleging the same causes of action and adding Valenzuela as a named plaintiff.  (See SAC.)  Defendant now moves to dismiss the Second Amended Complaint.  (See MTD [Doc. 38].)  Plaintiffs oppose.  (See Opp'n [Doc. 41].)

//

3:15-cv-00124-L-JMA

## II.    LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if doubtful in fact," are assumed to be true.  *Id.*  The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]."  *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964–65 (2007) (internal citations and quotation marks omitted).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id.* at 1965.  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by the parties.  *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds).  Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions.  *Id.*  The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

### III.   BREACH OF EXPRESS WARRANTY CLAIM

Defendant presents two arguments as to why the Court should dismiss the breach of express warranty claim.  First, Defendant argues this claim is improper because the Court dismissed it with prejudice in its previous order.  (MTD 2:24–3:17; Reply [Doc. 42] 2:1–4:19.)  This argument is unpersuasive.  While it is true that the Court previously dismissed Plaintiff Michael Cunningham's breach of express warranty claim after he declared that his car was out of warranty, the Court did not state the dismissal was with prejudice.  (See December 7, 2015 Order.)  Further, even had the dismissal of Plaintiff Michael Cunningham's claim been prejudicial, it does not follow that such dismissal should have a prejudicial effect on Valenzuela's claim.  Valenzuela did not join in this action until after the Court entered the previous order.  Thus, the Court's previous order did not involve a consideration of Valenzuela's claim.  To dismiss with prejudice a plaintiff's claim without giving it any consideration would appear offensive to notions of Due Process.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

Next, Defendant argues that Plaintiffs' breach of express warranty claim is in irreconcilable conflict with the terms of the Warranty.  (MTD 3:13–4:15; Reply 4:20–5:7.)  More specifically, Defendant contends Plaintiff's claim that the Warranty guaranteed a defect free vehicle at time of delivery is problematic because the Warranty clearly disclaims such a guaranty.

The Court agrees.  The Warranty reads

> This warranty does not mean that each Ford vehicle is defect free.  Defects may be unintentionally introduced into vehicles during the design and manufacturing processes and such defects could result in the need for repairs.  For this reason, Ford provides the New Vehicle Limited Warranty in order to remedy any such defects that result in vehicle part malfunction or failure during the warranty period.

(RJN [Doc. 38-2] Ex. 1 p. 16.)[1]  This language clearly and unequivocally establishes that the Warranty does not guarantee a defect free vehicle at time of delivery.  Rather, it expressly contemplates that defects may be present at time of delivery.

This inconsistency between Plaintiff's breach of express warranty claim and the express terms of the Warranty notwithstanding, Plaintiffs' claim survives this motion.  In addition to alleging the Warranty promised a defect free car, Plaintiff also alleges that Ford promised to fix any defects introduced during the design and manufacturing promise.  (SAC ¶ 82.)  This allegation is fully consistent with the terms of the Warranty.  Furthermore, Plaintiffs' allege that Ford failed to fulfill this warranty obligation because, though Valenzuela returned his car to the dealership during the warranty period with complaints of exhaust fumes contaminating the passenger compartment, the dealership did not fix the defect and has stated it is unable to do so.  (SAC ¶¶ 37–39, 88.)  Accordingly, the Court **DENIES** Defendant's Motion to dismiss the breach of express warranty claim.

## IV.   MISREPRESENTATION CLAIMS

Defendant contends the fourth, fifth, and sixth causes of action are deficient to the extent they are based on alleged fraudulent misrepresentations because they fall short of the particularity in pleading required by Federal Rule of Civil Procedure 9(b).  (MTD 4:16–5:9; Reply 1:22–28.)  Specifically, Defendants contend that these fraud allegations are substantively identical to the fraud allegations contained in the First Amended Complaint which the Court dismissed pursuant to Rule 9(b).  Plaintiffs concede the accuracy of Defendants' argument and indicate an intention not to pursue any claims based on affirmative misrepresentations.  (See Opp'n 6:18–25.)  Accordingly, the Court

---

[1] The Court **GRANTS** Defendant's request for judicial notice of the Warranty.  Plaintiffs do not oppose this request, and the Warranty is a proper subject of judicial notice because its authenticity can "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

3:15-cv-00124-L-JMA

**GRANTS WITH PREJUDICE** Defendant's Motion to Dismiss at to the fourth, fifth, and sixth causes of action inasmuch as they are based on affirmative representations.

## V.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss as follows:

- Defendants' Motion is **DENIED** as to the first cause of action.
- The fourth, fifth, and sixth causes of action are **DISMISSED WITH PREJUDICE** inasmuch as they are based on affirmative representations

IT IS SO ORDERED

Dated:  July 25, 2016

Hon. M. James Lorenz
United States District Judge

CC: the Honorable Jan M. Adler